Thomas Russe
vs.
Ralph H. Walker, Keeper of the Providence County Jail } M. P. No. 1427.

May 26, 1932.

BAKER, P. J. Heard on petition for writ of habeas corpus.

The petitioner claims that he is being illegally held by the respondent. The record shows that the petitioner was surrendered to the respondent by one of his bail in a civil action on the 29th of February, 1932. Prior thereto, on January 13, 1932, an execution had been issued against the petitioner in said original cause of action.

The petitioner contends that according to the provisions of Sections 4 and 5 of Chap. 375, General Laws 1923, the said execution should have been served upon him within thirty days from said 29th day of February, and the judgment creditor having failed so to do petitioner was entitled under the law to be discharged from custody. It further appears, however, that after said execution had been issued and while the petitioner was being held, he was litigating before this Court and the Supreme Court the question as to whether said execution should run against his body, and on April 21, 1932, after hearing in the case of *John Di Iorio* vs. *Jonathan Andrews, Sheriff*, M. P. 547, the Supreme Court ordered that a writ of mandamus issue to the sheriff directing him to levy the execution in question on the body of the petitioner in the case at bar. While the record in the matter now before the Court is not very clear, apparently the execution was levied at about the time the petitioner herein was being brought before the Court for hearing on the present petition, and it is agreed that at the present time the petitioner is being held by virtue of the levying of the execution against his body and not by reason of the surrender by one of his bail.

The petitioner argues that as he was being illegally held following the thirty-day period, he should not have been taken on the execution in question until he had been given his liberty from the previous holding. He has cited to the Court, in support of his contention, cases which deal with liability for false imprisonment and also cases which discuss the situation where one being held on void process or under a

wrongful arrest cannot be detained on valid process until his liberty has been restored. No question can be raised with these propositions as general statements of the law. The Court, however, does not believe that they are entirely applicable to the present case. Here there is no doubt but that the original detention was valid and lawful. Further, it seems quite clear from the record that the delay in serving the execution was brought about by the petitioner's own desire to litigate that point. In New York it has been held that where a body has actually been taken under execution before a hearing on a motion for a supersedeas, the motion will be denied.

Watt vs. Healy, 22 Hun. 491 (N. Y.).

The case of Harriott, Pt., 18 R. I. 12, is not, in the judgment of the Court, directly in point. There the chief question appears to be whether an entry on a jail book was sufficient to constitute an arrest.

Further, the Court is of the opinion that the hearing before the Supreme Court in the case of John Di Iorio vs. Jonathan Andrews, Sheriff, et al., supra, in the mandamus proceeding, is conclusive here. It seems clear that that Court, with a full knowledge of all the facts and circumstances before it, ordered that the execution be served against the petitioner's body and nothing remained for the sheriff to do except to obey the mandate. It has been said that where a mandamus proceeding has been heard and decided on its merits, the judgment is conclusive against the parties thereto and cannot be attacked collaterally.

Merrill, Mandamus, p. 379.

Also, it would appear that where a second arrest does not conflict with a first, a party may be re-arrested during the pendency of habeas corpus proceedings.

Vol. 29, C. J. 154;

Commonwealth vs. Hall, 9 Gray (Mass.) 262.

After careful consideration of the whole record herein, the Court is of the opinion that the petitioner is now being lawfully detained by reason of the execution running against his body and the prayer for a writ of habeas corpus is denied.

For petitioner: Frank H. Wildes.

For respondent: Peter L. Cannon & James E. Brothers.